UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

_____

MELVIN BROWN,

       Petitioner,

v.                                                 Case No. 2:04-CV-73
                                                 (Criminal Case No. 2:02:CR:41-01)

UNITED STATES OF AMERICA,

                                                 HON. GORDON J. QUIST

       Respondent.

_____/

## MEMORANDUM

On May 5, 2003, after his plea of guilty to conspiracy to distribute more than 5 grams of cocaine base, defendant, Melvin Brown, was sentenced to 188 months imprisonment, five years of supervised release, and $100 special assessment. Judgment was entered on May 8, 2003. Brown did not appeal his sentence. On April 7, 2004, Brown filed a motion pursuant to 28 U.S.C. § 2255, arguing that his counsel was ineffective because his counsel did not object to the Presentence Investigation Report's having classified Brown as a "career offender" pursuant to U.S.S.G. § 4B1.1. Brown's 2255 petition is timely.

Although Brown may not use 2255 to attack non-constitutional errors in sentencing, he may allege that an improper sentence was imposed because he did not receive his constitutional right to effective assistance of counsel. *See Grant v. United States*, 72 F.3d 503, 506 (6th Cir. 1996). In order to show ineffective assistance of counsel, Brown must establish two things: 1) counsel made errors so serious that he was not functioning as counsel as guaranteed by the Sixth Amendment; and 2) that there is a reasonable probability that, but for counsel's errors, the result of the proceeding

would have been different. *Strickland v. Washington*, 466 U.S. 668. 687, 104 S.Ct. 2052, 2064 (1984).

Pursuant to U.S.S.G. § 4B1.1(a), in order for a person to be classified as a "career offender" one of the requirements is that the person have "at least two prior felony convictions of either a crime of violence or a controlled substance offense." The effect of being classified as a "career offender" is that the Base Offense Level is raised, in Brown's case from Base Offense Level 26 to Base Offense Level 34; and, in addition, the Criminal History Category is raised, in Brown's case from Criminal History Category IV to Criminal History Category VI. The Presentence Investigation Report (PSR) states that Brown had been convicted of armed robbery in 1993 in Cook County, Illinois. He was scored three criminal history points for this conviction. (PSR ¶ 41.) There is no dispute about this conviction, and this conviction is a "crime of violence" as defined in U.S.S.G. § 4B1.2(a). However, the PSR also shows that in 1998, Brown was convicted in Cook County of possession of controlled substance with intent to deliver. (¶ 42.) Brown claims, and the government agrees, that this conviction was for simple possession. There was no finding of an intent to deliver. Therefore, this drug conviction was not a drug *trafficking* offense as defined in U.S.S.G. § 4B1.2(b), which requires "manufacture, import, export, distribution, or dispensing of a controlled substance." Brown was scored three points for this conviction, which may well be incorrect, but more important, classifying this conviction as a drug trafficking offense caused the PSR writer and the court to sentence Brown as a career offender.

This error will have a major impact on Brown's sentence. Even assuming, for purposes of argument, that the conviction for simple possession carries three criminal history points, an assumption that this court will not make at re-sentencing, Brown would have been in Criminal

History Category IV with an Offense Level of 23. This has a Guideline sentencing range of 70 to 87 months, as contrasted with the current sentence of 188 months.

This court finds that Brown's counsel in the district court was ineffective under *Strickland* for failing to investigate and point out the error in the PSR. If the error in the PSR had been pointed out, Brown's sentence would have been different. Therefore, Brown will have to be re-sentenced. An Order consistent with this Memorandum will be entered.


Dated: July 12, 2004 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE